UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-36-R

'06 MAY 11 P 2 :53

FILED
US DISTRICT COURT CLERK
WESTN DIST

MARGARET G. LAWRENCE                                                    PLAINTIFF

V.

ROBERT P. MERIWETHER, M.D.
SEAN P. McDONALD, M.D., and
NEUROSURGICAL ASSOCIATES OF
WESTERN KENTUCKY, P.C.                                               DEFENDANTS

## ANSWERS

Come the defendants, by counsel, and for their Answers to plaintiff's Complaint, jointly

state as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against these defendants upon which relief can

be granted and should therefore be dismissed.

## SECOND DEFENSE

Defendants affirmatively plead the provisions of KRS 304.40 – 250 et seq. insofar as they

apply to the facts, theories of recovery, and claims asserted in plaintiff's Complaint.

## THIRD DEFENSE

At the time and place and upon the occasions and under the circumstances which form

the subject matter of plaintiff's Complaint, plaintiff acted negligently and carelessly and failed to

exercise ordinary care for her own health and safety, which caused and contributed to the

damages, if any there were.  By virtue of the foregoing, plaintiff's Complaint is barred/should be

proportionately mitigated.

**FOURTH DEFENSE**

Plaintiff gave informed consent to the treatment provided by these defendant.

**FIFTH DEFENSE**

Defendants adhered to the applicable standards of care in treating plaintiff.

**SIXTH DEFENSE**

Plaintiff's damages, if any there were, resulted from concurring, intervening, and/or superseding negligence of others and/or from independent causes, such that any alleged negligence of these defendants, which is denied, did not proximately cause plaintiff's damages, if any there were.

**SEVENTH DEFENSE**

Plaintiff has failed to comply with the provisions of KRS 411.188, by virtue of which plaintiff's Complaint should be dismissed.

**EIGHTH DEFENSE**

Defendants are entitled to a credit/offset against any damages claimed by plaintiff to the extent any third party "collateral source" or other entity has made payments/is responsible for making payments to/on behalf of plaintiff.

**NINTH DEFENSE**

1.      Defendants admit the allegations recited in Paragraphs 2 through and including 5 of plaintiff's Complaint.

2.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations recited in Paragraphs 1 and 6 of plaintiff's Complaint.

3.      Defendants deny the allegations recited in Paragraphs 7 through 10 of plaintiff's Complaint "Statement of Facts."

2

4.   Defendants deny the allegations recited in Paragraph 11 of plaintiff's Complaint "Jurisdiction."

5.   Defendants deny the allegations recited in Paragraphs 10 through 12 of plaintiff's Complaint "Negligence."

WHEREFORE, defendants pray that plaintiff's Complaint be dismissed at plaintiff's cost and that defendants be awarded all such further relief to which they may appear to be entitled.

Jonathan Freed
Bradley & Freed, P.S.C.
1634 Broadway
P. O. Box 1655
Paducah, KY  42002-1655
270-443-0040
270-575-5498 (fax)
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following via U.S.P.S., postage pre-paid, on this the 11th day of May, 2006:

Hon. Steven C. Call
Hon. David A. Nunery
David A. Nunery, P.S.C.
105 East Main Street
Campbellsville, KY 42718
**Attorneys for Plaintiff**

Jonathan Freed

3